OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the petition dismissed.
 

 
 *878
 
 Petitioner is the owner of the RIHGA Royal Hotel in New York City. Three unrelated manufacturers of alcohol products hold ownership interests in petitioner. Those separate interests, which are held indirectly, each aggregates less than 10% of the ownership of petitioner. In May of 1990 respondent denied petitioner’s application for a license to sell alcohol at the RIHGA Royal Hotel basing its denial,
 
 inter alla,
 
 on Alcoholic Beverage Control Law § 101 (1) (a).
 

 Petitioner commenced this proceeding pursuant to CPLR article 78 to challenge that ruling. Supreme Court found that the manufacturers’ ownership interests in petitioner were de minimis, and that respondent’s denial of the application was arbitrary and capricious because respondent ignores de minimis interests when applying other provisions of the Alcoholic Beverage Control Law. Supreme Court remitted the matter to respondent with instruction to reconsider petitioner’s application. Respondent appealed and the Appellate Division affirmed, agreeing with Supreme Court that the determination was arbitrary because the interests were de minimis and concluding that respondent’s continued denial of petitioner’s application for a license failed to fulfill any statutory objective.
 

 Alcoholic Beverage Control Law § 101 (1) (a) states that "[i]t shall be unlawful for a manufacturer or wholesaler licensed under this chapter to * * * [b]e interested directly or indirectly in any premises where any alcoholic beverage is sold at retail * * * by stock ownership, interlocking directors, mortgage or lien or any personal or real property, or by any other means.” On its face, this statute forecloses issuance of a license to petitioner.
 

 Petitioner correctly observes that the statutory purpose underlying Alcoholic Beverage Control Law § 101 (1) (a), which was originally enacted in 1933, is the prevention of monopolies and other undesirable influences within the alcoholic beverage industry. It contends that this statutory purpose is not served by denying its application, because petitioner has agreed to refrain from purchasing the products of the stock-holding manufacturers, and because the interests of those stockholders are insignificant in size. The logic of petitioner’s argument notwithstanding, Alcoholic Beverage Control Law § 101 (1) (a) does not grant respondent any discretion when such ownership interests exist.
 

 To the extent that petitioner challenges the vitality of the
 
 *879
 
 statute because of its age, it is noteworthy that the statute was amended in 1988 and 1989 to redefine those geographic areas that are expressly exempt from the statutory prohibition
 
 (see,
 
 L 1988, ch 209; L 1989, ch 100). Thus, any argument that section 101 (1) (a) has merely escaped the attention of the Legislature is without merit. Moreover, even if the statute was adopted some years ago, it is for the Legislature, not respondent or the courts, to update its provisions and restrictions.
 

 Nor does respondent have the discretion to issue a license prohibited by Alcoholic Beverage Control Law § 101 (1) (a) when an applicant shows that the impermissible interest is de minimis. Petitioner cites several cases involving situations in which respondent has overlooked de minimis interests. Those cases, however, involved statutes in which the Legislature granted respondent discretion. For example, respondent is to determine which gifts flowing from a manufacturer to a licensee "may tend to influence such licensee to purchase the product of such manufacturer” (Alcoholic Beverage Control Law § 101 [1] [c];
 
 see,
 
 9 NYCRR part 86;
 
 see also, Matter of Schenley Indus. v State Liq. Auth.,
 
 25 AD2d 285). Similarly, petitioner has cited regulations that provide exceptions for persons holding interests of less than 10%
 
 (see,
 
 9 NYCRR 49.5 [b]; 53.1). Those regulations were promulgated pursuant to statutory provisions that implicitly grant respondent the authority to exercise discretion
 
 (see,
 
 Alcoholic Beverage Control Law § 64-b [3]; § 118).
 

 In contrast to petitioner’s examples, where there was a statutory grant of discretion and judicial review was therefore limited, the clear language of Alcoholic Beverage Control Law § 101 (1) (a) does not allow respondent to make exceptions for de minimis interests under any circumstances.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.